## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT SUMMERALL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| 285 WEST SOUL FOOD | ) | |
| RESTAURANT, INC. and | ) | |
| JUANETA COOPER | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Robert Summerall ("Summerall" or "Plaintiff") presents the following claims against Defendants 285 West Soul Food Restaurant, Inc. ("285 West Soul Food") and Juaneta Cooper ("Cooper") (collectively as "Defendants"), showing the Court the following:

## JURISDICTION AND VENUE

1.

This is an action for unpaid overtime, unpaid minimum wage, and retaliation under the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 et

1

seq. Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over this Complaint for unpaid overtime wages, unpaid minimum wage, and retaliation pursuant to the FLSA.

2.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

3.

Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## PARTIES

4.

Plaintiff Summerall is a resident of DeKalb County, Georgia and was employed By Defendant to perform line cook duties from June 1, 2012 to July 2014.

2

5.

At all relevant times, Defendants compensated Summerall at an hourly rate of $7.25.

6.

Summerall was an employee as defined by 29 U.S.C. § 203(e).

7.

Summerall was engaged in interstate commerce.

8.

Summerall prepared food using ingredients procured from outside the State of Georgia.

9.

Defendant 285 West Soul Food Restaurant, Inc. is a Corporation that provides restaurant services to local residents.

10.

Defendant 285 West Soul Food Restaurant, Inc. is an employer as defined by 29 U.S.C. § 203(d).

11.

On information and belief, and at all times relevant, Defendant 285 West Soul Food Restaurant, Inc. has had an annual gross volume of sales made or business done in excess of $500,000.00.

12.

At all relevant times 285 West Soul Food Restaurant, Inc. has had one or more employees who handle goods that have traveled in interstate commerce within the meaning of the FLSA.

13.

For example, at all relevant times, 285 West Soul Food Restaurant, Inc. has employed individuals who regularly use computers, credit-card readers, or other devices manufactured outside the state of Georgia in performing their job duties.

14.

Defendants may be served with summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Juaneta Cooper, 2636 Martin Luther King Jr. Drive SW, Unit 10, Atlanta, GA 30311.

15.

Juaneta Cooper is Chief Executive Officer, Chief Financial Officer,

Secretary, and Agent of 285 West Soul Food Restaurant, Inc.

16.

At times relevant to this action, Juaneta Cooper directly and

indirectly controlled, determined, and directed the day-to-day operations of 285

West Soul Food Restaurant, Inc.

17.

Juaneta Cooper set Summerall's hours and pay.

18.

Juaneta Cooper is an employer as defined by 29 U.S.C. § 203(d).

19.

Juaneta Cooper may be served with summons and a copy of the Complaint

in this action by delivering process to her place of business, 2636 Martin Luther

King Jr. Drive SW, Unit 10, Atlanta, GA 30311.

## FACTUAL ALLEGATIONS

20.

Plaintiff Summerall worked for Defendants from June 2012

21.

Throughout his employment, Summerall worked as a line cook.

22.

Summerall's duties included meal preparation and kitchen cleaning.

23.

On average, Summerall worked a Saturday through Friday schedule, regularly working seven (7) days a week.

24.

Typically, Summerall arrived to work at 5:30 A.M. and worked until 7:30 P.M. or later.

25.

Summerall regularly worked up to 90 hours per week.

6

26.

Upon arrival at 285 West Soul Food, Inc., Summerall began preparing food for service.

27.

Typically, Defendant Jauneta Cooper observed Summerall's arrival to work and departure therefrom.

28.

Over the course of his employment, Summerall complained on multiple occasions about not receiving time and a half for each hour over 40 that he worked.

29.

On or around September 2013, Summerall complained to Cooper about not being paid overtime.

30.

Cooper responded, "we do not pay overtime; it's not going to happen."

31.

Then, in December 2013, Summerall complained again about not receiving

time and half for his hours over 40 each week, but he found himself met with a similar response.

32.

In January 2014, Cooper suspended Summerall for complaining about not receiving overtime.

33.

In June 2014, about a month before he was terminated, Summerall found himself suspended once again after asking once more for overtime compensation.

34.

On or around mid-July 2014, a co-worker spilled hot liquid on Mr. Summerall's arm.

35.

 After missing approximately four days due to this injury, Summerall returned to work around the last week of July 2014.

36.

Shortly after his return to work, Defendants terminated Summerall's

employment.

37.

Defendants refused to compensate Mr. Summerall for the last days few he worked for them.

38.

Defendants were aware Summerall worked over 40 hours each week.

39.

Defendants only paid Summerall straight time for each hour he worked.

40.

On occasion Defendants would take deductions from Summerall's pay.

41.

For example, if food was burned during preparation Defendants made a deduction from Summerall's pay.

42.

For example, if Summerall was caught using a phone during work hours Defendants would dock one hour of time from Summerall's pay.

43.

Because Summerall was paid $7.25 an hour these deductions would always cause Summerall's effective hourly rate to drop below the minimum wage of $7.25 an hour in work weeks when deductions occurred.

44.

Defendants knowingly required Summerall to work in excess of 40 hours per week without paying him overtime compensation.

45.

Defendants did not consult the Department of Labor or any other relevant Federal Government agency as to whether Defendants were required to pay Summerall overtime.

46.

Defendants did not consult an attorney, Human Resources specialist, or any other individual with knowledge or experience that might have helped Defendants to know if they were required to pay Summerall overtime.

47.

Defendants did not consult the Department of Labor or any other relevant Federal Government agency as to whether Defendants were allowed to make deductions from Summerall's pay that brought his effective hourly rate below the minimum wage in a work week.

48.

Defendants did not consult an attorney, Human Resources specialist, or any other individual with knowledge or experience that might have helped Defendants to know if they were allowed to make deductions from Summerall's pay that brought his effective hourly rate below the minimum wage in a work week.

49.

Defendants' actions were knowing and willful.

## COUNT I
## Willful Failure and Refusal to Pay Overtime in Violation of the FLSA

50.

Plaintiff incorporates by reference paragraphs 1 through 49 of the Complaint.

51.

During the statutory period, Defendants employed Plaintiff as a line cook.

52.

The FLSA requires employers to pay for all hours worked.  The FLSA, 29 U.S.C. § 207 et seq., requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over 40 hours per work week.

53.

 Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiff for time spent on work activities as described in the Complaint.

54.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages.  Plaintiff is entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

55.

Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff for overtime hours worked.

## COUNT II
## Willful Failure to Pay Minimum Wage in Violation of the FLSA

56.

Plaintiff incorporates by reference paragraphs 1 through 49 of the Complaint.

57.

The FLSA, 29 U.S.C. § 206 et seq., requires employers to pay employees at least the minimum wage described in 29 U.S.C. § 206(a)(1)(C) for each hour the employee works in a work week.

58.

 Defendants' actions, policies, and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to pay Plaintiff at least minimum wage during his employment with Defendants.

13

59.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered a loss of income and other damages.  Plaintiff is entitled to liquidated damages and also to attorneys' fees and costs incurred in connection with this claim.

60.

Defendants knew or showed reckless disregard for the fact that they failed to pay Plaintiff at least minimum wage for each hour Plaintiff worked in a work week.

**<ins>COUNT III</ins>**
**<ins>Retaliation in Violation of the FLSA</ins>**

61.

Plaintiff incorporates by reference paragraphs 1 through 49 of the Complaint.

62.

Plaintiff complained directly to Cooper on multiple occasions about not receiving overtime compensation.

14

63.

In June 2012, after complaining about not receiving overtime compensation, Defendants suspended Plaintiff in retaliation for his protected activity of requesting overtime compensation under the FLSA.

64.

Summerall continued to complain about not receiving overtime and, finally, after mentioning to Defendants that he would seek counsel to assist him in retrieving his overtime wages, Defendants terminated his employment in July 2014.

65.

By the above-pled conduct, Defendants violated the FLSA's anti-retaliation provisions by, among other things, suspending Plaintiff's employment.

66.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer damages.

67.

Defendants knew and/or showed reckless disregard for the FLSA's anti-retaliation provisions.

68.

Plaintiff is entitled to compensatory damages and reasonable attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

a) The Court enter declaratory judgment in favor of Plaintiff that Defendants violated the FLSA;

b) the Court enter judgment against Defendants that their violations of the FLSA were willful;

c) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates for a period of three years;

d) Judgment against Defendants for an amount equal to Plaintiff's unpaid back

wages for the difference between his effective hourly rate and the applicable minimum wage rate in work weeks where Plaintiff's effective hourly rate was below the minimum wage;

e) Liquidated damages in an additional amount equal to unpaid overtime wages;

f) Liquidated damages in an additional amount equal to the difference between Plaintiff's effective hourly rate and the minimum wage in work weeks where his effective hourly rate was less than the minimum wage;

g) The Court award Plaintiff compensatory damages, back pay, and front pay for Defendants' retaliatory termination of Plaintiff's employment;

h) Leave to add additional plaintiffs or opt-ins by motion, the filing of written consent forms, or any other method approved by the Court;

i) Attorney's fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

j) Any and all such further relief that this Court or the finder of fact deems equitable and just.

Respectfully submitted this 1st day of May, 2015.

THE LAW OFFICE OF BENJAMIN B. KANDY LLC

By: /s/ Benjamin B. Kandy

Benjamin B. Kandy
Georgia Bar No. 765357
Counsel for Plaintiff Summerall

The Law Office of Benjamin B. Kandy LLC
534 Medlock Road
Suite 109
Decatur, Georgia 30030
Telephone:  (678) 824-2251
Facsimile:  (678) 401-0398
ben@bkandylaw.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1D, counsel hereby certify that this Complaint and Demand for Jury Trial has been prepared using Times New Roman 14 point font, as approved by Local Rule 5.1C.

This 1st day of May, 2015

/s/ Benjamin B. Kandy
Benjamin B. Kandy
Ga. Bar No. 765357

The Law Office of Benjamin B. Kandy LLC
534 Medlock Road
Suite 109
Decatur, Georgia 30030
Telephone:  (678) 824-2251
Facsimile:  (678) 401-0398
ben@bkandylaw.com