IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT SUMMERALL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| 285 WEST SOUL FOOD | : | CIVIL ACTION NO. |
| RESTAURANT, INC. and | : | 1:15-CV-01490-LMM |
| JUANETA COOPER, | : | |
| | : | |
| Defendants. | | |

## **ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment [8] ("Motion") against Defendants in this matter, 285 West Soul Food Restaurant, Inc. ("285 West") and Juaneta Cooper ("Cooper"). After review of the record and due consideration, the Court enters the following order:

On May 1, 2015, Plaintiff brought this case against Defendants seeking compensation for (1) minimum wage, (2) unpaid overtime, and (3) retaliation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq. Dkt. No. [1]. On May 12, 2015, Plaintiff served Defendants with a summons and the Complaint. Dkt. No. [7]. Defendants did not respond to the summons, and on June 24, 2015, the Clerk entered default as to both Defendants.

I.  **Discussion**

Plaintiff has moved the Court for entry of default judgment against both Defendants pursuant to Federal Rule of Civil Procedure 55(b). Importantly, that provision has two parts. First, Rule 55(b)(1) permits the clerk to enter default judgment without a hearing on claims for which Plaintiff shows a *prima facie* case in his complaint "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). Yet, "a claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." KPS & Assocs., Inc. v. Designs By FMC, Inc., 318 F. 3d 1, 18 (1st Cir. 2003). Second, Rule 55(b)(2) states that in "all other cases," a court may, but need not necessarily, conduct hearings before entering or effectuating judgment. FED. R. CIV. P. 55(b)(2); see S.E.C. v. Smyth, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). Specifically, a hearing is not required "where all essential evidence is already of record." Id. at 1232 n.13 (citing S.E.C. v. First Fin. Grp. of Tex., Inc., 659 F.2d 660, 669 (5th Cir. 1981)). Thus, the Court must first determine whether Plaintiff shows a *prima facie* case for each of his claims and second if a hearing is necessary to establish Plaintiff's damages.

    **A. Plaintiff's Claims Are Properly Supported and Legally Sufficient.**

Upon review of Plaintiff's Complaint and Motion, the Court finds the Complaint is well pleaded and states a *prima facie* case of each of Plaintiff's claims. First, the Court finds Defendants failed to pay Plaintiff required

minimum wage and overtime compensation in violation of 29 U.S.C. §§ 206, 207, and 215(a)(2). See Harmon v. Elkins Wrecker Service, Inc., No. 1:12–cv–758–JEC, 2013 WL 2457957, at *6 (N.D. Ga. June 6, 2013) (stating that in order to establish a *prima facie* case, a plaintiff has the burden of showing "as a matter of just and reasonable inference that the wages paid to him did not satisfy the requirements of the FLSA.") (quoting Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 475 n.12 (11th Cir. 1982)). Because Defendants are in default and admit Plaintiff's well-pleaded allegations, the Court finds that (1) the wages paid to Plaintiff did not satisfy the minimum wage required by 29 U.S.C. § 206 when he was "docked" pay, U.S. v. Rosenwasser, 323 U.S. 360, 363 (1945), ("[A] regular rate which we have defined to mean the hourly rate actually paid for the normal, non-overtime workweek.") (quoting Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 40 (1940)), and (2) wages paid to Plaintiff did not satisfy overtime wages as required by 29 U.S.C. § 207.

Additionally, the Court finds that Plaintiff is entitled to compensation for Defendant's retaliation in violation of 29 U.S.C. § 215(a)(3). See Harmon, 2013 WL 2457957, at *7 ("In order to meet its *prima facie* burden on a FLSA retaliation claim, a plaintiff must demonstrate that (1) she engaged in activity protected under the act; (2) she subsequently suffered adverse action by the employer; and (3) a causal connection existed between the employee's activity and the adverse action.") (quoting Wolf v. Coca–Cola Co., 200 F.3d 1337, 1342–43 (11th Cir. 2000)). Plaintiff's Complaint, unopposed by Defendants, establishes

Plaintiff was engaged in a protected activity when he complained to Defendants about the unpaid overtime wages, Plaintiff suffered an adverse action when he was suspended and then terminated, and the adverse action was in retaliation to Plaintiff's protected activity. Dkt. No. [1] ¶¶ 32, 33, 36.

Based on the foregoing, Plaintiff is entitled to a default judgment on each of his claims.

### B. Damages.

Plaintiff has submitted an affidavit showing calculations of the damages he seeks for unpaid minimum wages, unpaid overtime, retaliation, and attorneys' fees.[1] Pl. Aff., Dkt. No. [8-1]. However, the Court cannot enter an order awarding an amount of damages owed in relation to a default judgment unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985). Thus, this Court declines to enter default judgment at this time because there are a number of discrepancies in Plaintiff's allegations of facts and calculation of damages.

In the Complaint, Plaintiff alleges to have worked for Defendants from June 2012 through July 2014. Dkt. No. [1] ¶ 4. However, Plaintiff's affidavit alleges he worked for Defendants from October 2012 through July 2014. Pl. Aff., Dkt. No. [8-1] ¶ 2. Such discrepancy creates a four month, or sixteen week

---

[1] Plaintiff has submitted an affidavit outlining attorney's fees. [8-3].  Because the Court is already conducting a hearing, it will discuss the reasonableness of the attorney's fees at that time.

difference in Plaintiff's calculations, taking Plaintiff from 109 weeks at Defendants' restaurant, to 93 weeks.

Additionally, Plaintiff alleges in the Complaint to have worked between 5:30 a.m. until 7:30 p.m. "or later." Dkt. No. [1] ¶ 24. At seven days a week, this would amount to 98 hours a week with 58 hours of overtime. However, Plaintiff's Affidavit contains a discrepancy in that he alleges to have worked from 5:30 a.m. until 9:00 a.m. Pl. Aff., Dkt. No. [8-1] ¶ 18. From this estimate, Plaintiff alleges he worked 108.5 hours a week with 68.5 hours of overtime. Id. at ¶ 19-20. This is a 10.5 hour difference in overall work per week, all of which would constitute overtime.

In the Affidavit, Plaintiff calculates his total overtime compensation as $23,061.21.[2] Id. at ¶ 25. However, the overtime calculation comes out differently under the Complaint's allegations. Instead of $23,061.21, Plaintiff would only receive $22,885.64 in total overtime.[3]

With regards to the retaliation claim, there are a number of factual inconsistencies. In the Complaint, Plaintiff alleges to have taken off "approximately four days" in mid-July due to an injury. Dkt. No. [1] ¶ 35. Plaintiff then alleges he returned "around the last week of July." Id. However, the Affidavit

---

[2] The calculation is as follows: Overtime Hours/week (68.5) x Unpaid Compensation ($3.62) x Weeks Worked (93) = 23,061.21

[3] The calculation is as follows: Overtime Hours/week (58) x Unpaid Compensation ($3.62) x Weeks Worked (109) = 22,885.64

5

claims he was terminated on July 19, 2014 and got a new job on July 28, 2014, the last week of the month. Pl. Aff., Dkt. No. [8-1] ¶¶ 16-17.

Due to these inconsistencies, the Court **ORDERS** the parties to attend a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter pursuant to Rule 55 of the Federal Rules of Civil Procedure. Additionally, the Court **DIRECTS** Plaintiff to discuss at the hearing the perceived discrepancies between Plaintiff's Complaint and Affidavit.

## II. Conclusion.

It is **ORDERED** that the parties attend a hearing on Plaintiff's Motion for Default Judgment on September 24, 2015, at 2 p.m. in Courtroom 2107, 2121 Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. The Court will receive evidence on the issues of damages and such other relief as requested by Plaintiff. Though Defendants are in default, they are permitted to participate in the damages hearing. In addition to the parties' counsel, officers of Defendant 285 West Soul Food and Defendant Juaneta Cooper shall attend this hearing to address questions regarding damages on behalf of Defendants. The Court **DIRECTS** Plaintiff to discuss at the hearing the discrepancies between Plaintiff's Complaint and Affidavit.

**IT IS SO ORDERED** this 4th day of September, 2015.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE